HERMES GALANES MALARET, ETC., Plaintiff and Appellee, v. CORNELIO CIPRIÁN GALANES REBOYRAS, ET AL., Defendants and Appellants.

No. 7766.   Argued May 10, 1939.—Decided May 24, 1939.

*Luis Mercader* for appellants. *Francisco R. Flores* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

This main purpose of this action is to revendicate a house and lot, valued in $300, and to recover the amount of $160 as damages for the rent that plaintiff failed to receive.

The plaintiff, a nine year old child who appears through his mother, alleged in his complaint that he is the owner of the house and lot he claims, having purchased them by public deed; that his father, defendant Cornelio Ciprián Galanes, without authority therefor, and without having secured judicial consent, bartered the property of plaintiff for another one belonging to defendants Oliveros and Castillo, valued in $250; that the barter deed thus executed is null and void; that defendants Oliveros and Castillo have been since July 10, 1933, in possession of plaintiff's property, without any right or legal title, thus depriving plaintiff of a monthly rental of $5, that amounts to $160.

The defendants filed a general denial. After the Municipal Court of Utuado heard the case, it rendered judgment dismissing the complaint. The defendant appealed to the District Court of Arecibo, and after hearing the case *de novo*, said court rendered judgment holding that plaintiff is the owner of the property he claims and should be put in possession of the same; that since the property has been improved it would be unfair to require defendants to pay the rent claimed; and that the defendants should pay the costs,

excluding attorney's fees. Feeling aggrieved, the defendants appealed.

▮ The first and third assignments of error are predicated on the want of jurisdiction of the municipal court, because the amount in controversy exceeded $500.

To maintain their position the defendants perform the following addition:

| | |
|---|---|
| Value of both bartered properties_____ | $550.00 |
| Value of property to be revendicated_____ | 300.00 |
| Rent claimed_____ | ‚160.00 |
| | $1,010.00 |

The lower court correctly decided, in our opinion, that the jurisdiction of the Municipal court "should be determined on the basis of the value of the property in which plaintiff claims an interest, and not on the aggregate value of the two properties bartered."

The total amount claimed by plaintiff, as the value of his property plus the rent, added to $460, amount which is included within the jurisdictional limit of the court in which the complaint was filed. Since we are dealing with realty illegally alienated of what importance can, for the purpose of determining the jurisdiction, the price or consideration received by the illegal vendor be, if we bear in mind that the true owner is not bound to return that which he did not receive?

The jurisdiction is determined on the basis of the value or the amount claimed in the prayer of the complaint. According to the deed of purchase, the property was bought by plaintiff for $250. In the barter deed the defendants gave it a value of $300, which is the very price given by the complaint, and they are therefore estopped from alleging that the value of the property is greater than that amount.

▮ The second assignment refers to the alleged want of capacity of the mother of the plaintiff, an infant, to represent him in this action.

During the hearing of the case the plaintiff offered in evidence and was admitted by the court, a certified copy of a default judgment rendered by the District Court of Arecibo, in the divorce case of Rosa Malaret and José Galanes, the parents of the plaintiff. By that judgment the marriage ties were dissolved "and the child had by that marriage shall remain under the *patria potestas* of the plaintiff mother." It appears from the record that from May 11, 1934, date on which that judgment was rendered up to the date of the trial, the infant has always lived with his mother, who has supported him, without any help whatsoever from the father.

The late objection raised for the first time within this appeal by appellant, to the effect that it had not been proved that the judgment was final, lacks grounds to support it. The judgment carried a presumption of validity from the moment it was rendered, and it was the father, the defendant in the divorce action and the party deprived of his *patria potestas* over the child by a judgment, the one with the burden of proving that the execution of said judgment had been stayed by the seasonable filing of an appeal. Since he failed to do so, we must presume that the judgment was never appealed from and must be given full force and effect. If we should also take into account the conflicting interests existing between the infant and his father, we would have to decide again that the lower court acted correctly when it acknowledged the mother's capacity to judicially represent her son.

The fourth assignment of error reads thus:

"When the defendants were not allowed to amend the answer to show that the money paid by Galanes when he acquired the property from Pablo Avilés in 1931, and which property he purchased in the name of his minor son, the plaintiff herein, was money from the separate estate of the father."

The issued raised, as it appears from page 23 of the transcript of the evidence, is the following:

"Attorney Mr. Mercader: Before going on with the case we pray leave to amend the prayer of the answer, to request from the court that when it should render judgment on the merits, since it appears that it has jurisdiction therefor, to dismiss the complaint and cancel the deed executed in behalf of the minor in 1931, after we present our evidence. That in case we should prove to the court the necessary facts, that the answer and the prayer thereof be considered as amended.

"Judge: The court, as it has been explained by the attorney, understands that he expects to include in this case being heard on appeal, a new controversy; that is, to be allowed to amend the answer so as to be able to introduce evidence tending to show that the deed under which the infant acquired the property described in the third paragraph is null and void; and this would not only be a new issue that can not, in our opinion, be raised at this stage, after having heard the evidence of the defendant in a case appealed from the Municipal Court."

The lower court in no way abused its discretion in refusing the permission prayed for. The motion of the defendant was not only filed too late, but was against good practice. If it were true that the defendant father of the minor had paid the purchase price of the property out of his separate estate, that fact must have been known to said defendant from the date on which he paid the money, namely, 1931. And it would neither be fair nor correct to allow a defendant to keep silent his defenses to file them at his best convenience after having heard the evidence offered by plaintiff in support of his complaint. Furthermore, the evidence offered by defendant to sustain his new defense was clearly inadmissible, for its purpose was to contradict the expressed terms of a public deed, the validity of which had not been challenged in the answer, and that is not permissible under sections 24 and 25 of the Law of Evidence. The fourth error assigned is non-existent, and also the fifth, as it involves the same question we have decided.

■ In the sixth and seventh assignments of error appellant discusses the order of the lower court refusing to admit in evidence an affidavit offered by defendants by which they tried to prove that, besides the amount stated in the deed, Oliveros gave to Galanes $100 as additional consideration for the deed.

We are not conversant with the exact contents of the affidavit in question, for the same has not been remitted to this court. However, what appears from the record is sufficient for us to know the nature of the document and the reason had by the court to refuse it. When the affidavit was shown to defendant Galanes while he was testifying as a witness for this identification, the attorney for the defendant objected to its admissibility because "it is null and void and not admissible in evidence because it speaks of a fraud to the state and an even greater fraud to the minor. The document states that they agreed to defraud the minor of $100, and the People of Puerto Rico to the extent of the fees of the deed." The order of the court reads as follows:

"Judge: The stenographer will make a record of the fact that it is a private document between José Olivero and Ciprián Galanes wherein it is stated that what appears in a public deed is not the truth, and that the price of the barter object of this complaint, was a different one. The court thinks that as this document is not admissible, the witness should not be questioned in that respect, because the terms of a public deed can not be varied by a private document, unless there should exist between the parties to the contract a suit in which surprise, error or fraud has been alleged by one party against the other."

The court *a quo* did not err in refusing to admit the affidavit. Aside from the reasons had by the court for refusing to admit it, we think that it was inadmissible because it was a self-serving declaration, that it, is to be used only when and if convenient to the interests of the declarant; and, furthermore, because the additional price or consideration received and kept by Galanes, who was not authorized to alienate the property, was immaterial.

The eighth and last assignment of error refers to the weighing of the evidence by the trial court. We have carefully read the transcript of the evidence. We have read the transcript of the evidence and find that the conclusions of fact at which the trial court reached were supported by the evidence. The lack of necessary judicial authority so that defendant Galanes might legally alienate the property of the infant, was clearly established. The court acted pursuant to law when it ordered the defendants to return the property to its legal owner.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurs.